UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RONY PIERRE, on behalf of himself
and those similarly situated,

      Plaintiff,

v.                                      CASE NO. 3:12-cv-343-J-34JBT

VENUS SATELLITE, INC., a Florida
for Profit Corporation,

      Defendant.
_____/

**ORDER**

**THIS CAUSE** is before the Court on Plaintiff's Motion for Default Final Judgment ("Motion") (Doc. 36), filed on February 22, 2013. In the Motion, Plaintiff seeks entry of default judgment against Defendant pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. (*Id.*) To date, Defendant has not responded to the Motion; therefore, the Court will treat the Motion as unopposed. However, based on the reasons stated herein, the Motion is due to be **DENIED without prejudice** to filing and serving an amended complaint in compliance with this Order.

In general, the jurisdictional allegations of the Complaint are too conclusory and contain too few facts to support a default judgment. As the Supreme Court noted in *Bell Atlantic Corp. v. Twombly*, "a plaintiff's obligation to provide the grounds for his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. 544, 555 (2007). The jurisdictional allegations of the Complaint contain little more than

"labels and conclusions" lifted from the statute.  Plaintiff will be allowed likely one final opportunity to replead the Complaint with adequate factual support tailored to this specific case.

I.     **Procedural History**

Plaintiff filed this lawsuit against Defendant on March 28, 2012, seeking unpaid overtime compensation, liquidated damages, declaratory relief, and other relief under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).  (Doc. 1.)  On May 25, 2012, Defendant answered the Complaint.  (Doc. 10.)

On November 9, 2012, the Court entered an Order granting the Amended Motion to Withdraw as Attorneys of Record for Defendant Venus Satellite, Inc. ("VS") (Doc. 20), and directing VS to "either employ new counsel who shall file a notice of appearance with the Court on or before December 10, 2012, or file a notice with the Court by the same date, indicating that it is unable to obtain new counsel." (Doc. 26 at 3.)  In that Order, the Court also set out the general rule that a corporation cannot appear *pro se* and must be represented by counsel, which VS has acknowledged. (*Id.* at 2-3.)  A copy of that Order was served on VS and its President Akhdiyar Ayupov via certified mail return receipt requested and United States mail on November 13, 2012, as well as via e-mail on November 12, 2012.[1]  (Doc. 27.)

---

[1] By a "Notice" mailed to the Court by Akhdiyar A. Ayupov on December 27, 2012, he responded to the Court's November 9, 2012 Order.  (*See* Doc. 31.)  The Notice provides, in relevant part, that "the corporation cannot retain new [sic] for this lawsuit." (*Id.*)  The Notice was filed on the docket pursuant to the Court's January 7, 2013 Order (Doc. (continued...)

Because VS did not comply with that Order, on December 14, 2012, the Court entered an Order, stating that a default may be appropriate in light of VS's inability to represent itself in this matter, and giving Plaintiff until December 28, 2012 to file an appropriate motion or advise the Court how he intends to proceed against VS. (Doc. 28.)  A copy of the December 14, 2012 Order was served on VS and its President by first class mail.  (*See id.* at 2.)  In response to that Order, on December 21, 2012, Plaintiff filed a Motion for Court's Default pursuant to Fed. R. Civ. P. 55, based on VS's failure to obtain new counsel.  (Doc. 29.)  The Motion for Court's Default was served on VS via first class mail.  (*Id.* at 3.)

On January 7, 2013, the Court entered an Order granting the Motion for Court's Default, and giving Plaintiff until February 8, 2013 to move for a default judgment against VS.  (Doc. 30.)  A copy of the January 7, 2013 Order was served on VS and its President by first class mail.  (*See id.* at 4.)  On January 8, 2013, the Clerk of Court entered a default against VS.  (Doc. 32.)  On February 22, 2013, after obtaining an extension of the deadline for filing a motion for default judgment (*see* Doc. 34), Plaintiff filed the present Motion, seeking a default judgment against VS in the amount of $36,600.00 for actual and liquidated damages, and $415.00 in costs (Doc. 36).

---

[1](...continued)
30).

## II.     Standard

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for obtaining a default judgment.  First, when the defendant fails to plead or otherwise defend the lawsuit, the clerk of court is authorized to enter a clerk's default against the defendant.  *See* Fed. R. Civ. P. 55(a).  Second, and in general, after receiving the clerk's default, the court, or in some instances the clerk, may enter a default judgment against the defendant for not appearing.  *See* Fed. R. Civ. P. 55(b).

The law is well settled that through its default, a defendant "admit[s] [a] plaintiff's well-pleaded allegations of fact . . . ."  *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *see also Patray v. Nw. Publ'g., Inc.*, 931 F. Supp. 865, 869 (S.D. Ga. 1996).  However, "a defendant's default does not in itself warrant the court in entering a default judgment."  *Nishimatsu*, 515 F.2d at 1206; *see also Patray*, 931 F. Supp. at 868 (noting that a motion for default judgment "is not granted as a matter of right, and in fact is judicially disfavored"); *Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004) (stating that "[a] motion for default judgment is not granted as a matter of right").  Indeed, a sufficient basis must exist in the pleadings for the judgment entered.  *See Nishimatsu*, 515 F.2d at 1206.  A defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law."  *Id.  See also Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) (stating that "facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot

support the judgment").

Rule 8 provides that a complaint must include (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for relief. See Fed. R. Civ. P. 8(a). A complaint meets the requirements of Rule 8, if in light of the nature of the action, the complaint provides factual allegations, which are assumed to be true, sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.").

Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," which simply "are not entitled to [an] assumption of truth." *Iqbal*, 129 S. Ct. at 1949, 1951. Thus, in ruling on a motion for default judgment, the Court must determine whether a sufficient factual basis exists in the complaint for a judgment to be entered. *See Nishimatsu*, 515 F.2d at 1206.

### III. Analysis

Upon review of the Complaint, the undersigned determines that the Motion is due to be denied. To prevail on a claim for payment of overtime under the FLSA, Plaintiff must establish the following:

> (1) Plaintiff was employed by the Defendant during the time period involved;
>
> (2) Plaintiff was engaged in commerce or the production of goods for commerce or was employed by an enterprise engaged in commerce or the production of goods for commerce; and
>
> (3) Defendant failed to pay the overtime pay required by law.

*See* Eleventh Circuit Pattern Jury Instruction - Civil 1.7.1 (2005).

With respect to the second element, Plaintiff must establish either (1) "individual coverage," meaning that the employee was "engaged in commerce or in the production of goods for commerce," or (2) "enterprise coverage," meaning that the employee was "employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 206(a); *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1265-66 (11th Cir. 2006).

The term "enterprise" is defined in 29 U.S.C. § 203(r). "Enterprise engaged in commerce or in the production of goods for commerce" is defined in 29 U.S.C. § 203(s)(1) as an enterprise that:

> (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and

> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) . . . .

29 U.S.C. § 203(s)(1).

Plaintiff's Complaint attempts to allege enterprise coverage by tracking the above-quoted statutory language as follows:

> 7.     At all material times during the last three years (2009-2012), Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).
>
> 8.     At all material times during the last three years (2009-2012), Defendant was an employer as defined by 29 U.S.C. § 203(d).
>
> 9.     At all material times during the last three years (2009-2012), Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the Act, in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than five hundred thousand dollars ($500,000.00), exclusive of excise taxes at the retail level which are separately stated.

(Doc. 1 at 3.)

However, the "Coverage" section of the Complaint does not allege any facts showing that Defendant qualifies as an enterprise and covered employer under the provisions of 29 U.S.C. § 203(s)(1).  Without any facts to support Plaintiff's legal conclusions, which are not entitled to an assumption of truth, the Complaint falls short of fulfilling the pleading requirements of Fed. R. Civ. P. 8 to establish

enterprise coverage. *See Iqbal*, 129 S. Ct. at 1949, 1951; *Twombly*, 550 U.S. at 570; *see also Harden v. Asset Maintenance & Prop. Servs., Inc.*, 2011 WL 4596125, *4 (M.D. Fla. Oct. 3, 2011) (finding that plaintiffs' "conclusory regurgitation of the statutory language with no factual support . . . is insufficient to push [p]laintiffs' claim to relief above the speculative level"); *Donald v. Park & Fly LLC*, Case No.: 3:10-cv-41-J-34MCR, Doc. 11 at 5-9 (M.D. Fla. Feb. 4, 2011); *Williams v. Upright Constr., Inc.*, Case No.: 3:09-cv-363-J-34JBT, Doc. 14 at 5-8 (M.D. Fla. June 7, 2010).

The "Factual Allegations" section of the Complaint alleges that Plaintiff was a cable technician, that "Defendant provides cable and satellite installation and repair services to cable and satellite service providers nationwide," and that "[t]his action is intended to include each and every cable technician who worked for the Defendant statewide at any time within the past three (3) years." (Doc. 1 at 2-3.) However, there is no attempt to tie these allegations into the conclusory "Coverage" section. Thus, the Court can only speculate as to how exactly Plaintiff is attempting to allege enterprise coverage. *See Zarate v. Jamie Underground, Inc.*, 629 F. Supp. 2d 1328, 1335-36 (S.D. Fla. 2009). Therefore, Plaintiff has failed to provide "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1).[2]

---

[2] In light of this conclusion, the Court need not decide whether Plaintiff has otherwise stated a claim for payment of overtime compensation. However, if Plaintiff does replead, he must sufficiently allege all elements of his overtime compensation claim, including whether or not he was an employee of Defendant covered under the FLSA. *See,*
(continued...)

Plaintiff appears to recognize the deficiency in his pleading and attempts to correct it by submitting an affidavit in support of the Motion in which he sets forth additional facts in support of his claim. (*See* Doc. 36-1 at 3-4 ("The services I provided to Defendant's customers ranged in price but I believe that the Defendant made more than $500,000.00 per year . . . . Defendant's employees are also engaged in interstate commerce. I know this because the Defendant operated a customer support call center which utilized telephone and internet services from out of state providers. In addition, Defendant's employees would also transact business with out of state financial institutions during the regular course of business by processing customer's credit card payments for the services we provided to them.").) However, a default judgment may be lawfully entered only "if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of default judgment." *Nishimatsu*, 515 F.2d at 1206.

Because the Court is to review only the allegations of Plaintiff's Complaint, and Plaintiff has not cited any authority that suggests a deficient complaint can be cured by the filing of an affidavit submitted in support of a motion for default

---

²(...continued)
*e.g.*, *Freund v. Hi-Tech Satellite, Inc.*, 185 Fed. App'x 782 (11th Cir. May 31, 2006) (affirming a district court's decision after a bench trial that plaintiff, an installer of home satellite and entertainment systems, was an independent contractor and, thus, not entitled to overtime under the FLSA); *Martin v. Shelby Telecom, LLC*, 2012 WL 2476400 (N.D. Ala. June 26, 2012) (finding that genuine issues of material fact remained with respect to the nature and extent of defendant's control over the work and opportunity for profit or loss of plaintiff, a satellite systems technician, precluding summary judgment in favor of defendant).

judgment, the Court will not consider Plaintiff's affidavit for purposes of resolving this Motion.[3]  *See Blankenship v. M/V Cary'd Aweigh*, 2007 WL 2714098 at *2, n.5 (M.D. Fla. Sept. 17, 2007).  Therefore, because the factual allegations of the Complaint do not support jurisdiction under the FLSA, Plaintiff has failed to provide an adequate legal basis for entry of a default judgment.  However, Plaintiff will be allowed one additional opportunity to amend the Complaint and re-serve it on Defendant.

Accordingly, it is **ORDERED**:

1. The Motion (**Doc. 36**) is **DENIED without prejudice** to filing an amended complaint in compliance with this Order, **on or before April 24, 2013**. Should Plaintiff wish to pursue default judgment on the amended complaint, he must assure that the amended complaint is properly served on Defendant.

2. Failure to amend the Complaint by the above deadline may result in a recommendation that the case be **dismissed without prejudice** for failure to state a claim upon which relief can be granted and/or want of prosecution.

3. If Plaintiff presents the Clerk of Court with a properly completed summons for service of an amended complaint, the Clerk of Court is **DIRECTED** to sign, seal, and issue said summons.  *See* Fed. R. Civ. P. 4(b).

---

[3] The Court need not decide whether these additional averments suffice to establish enterprise coverage, but cautions Plaintiff that if he does replead, his jurisdictional allegations must be clear and satisfy the standards articulated in the case law.

10

**DONE AND ORDERED** at Jacksonville, Florida, on April 4, 2013.

_/s/ Joel B. Toomey_
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record

Akhdiyar A. Ayupov, President
Venus Satellite, Inc.
6 Waves Place
Palm Coast, FL 32164

Venus Satellite, Inc.
160 Cypress Point Parkway
Suite A-201
Palm Coast, FL 32164